UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>                             Plaintiff,<br><br>v.<br><br>JOHN DOE, subscriber assigned IP address 172.14.53.224,<br><br>                             Defendant. | Case No.: 24-cv-2483-JES-DEB<br><br>**ORDERGRANTING PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**<br><br>**[DKT. NO. 4]** |

    Before the Court is Plaintiff's Ex Parte Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference. Dkt. No. 4. Plaintiff has sued only a fictitious "Doe" Defendant; thus, no party has filed an opposition to Plaintiff's Motion. For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion.

**I.    BACKGROUND**

    On December 27, 2024, Plaintiff filed a complaint against Defendant "John Doe" whom Plaintiff alleges is an AT&T subscriber assigned Internet Protocol ("IP") address 172.14.53.224. Dkt. No. 1 at 2.[1] Plaintiff alleges it "is the owner of award-winning, critically acclaimed adult motion pictures." *Id.* at 1. Plaintiff asserts Defendant is

---

[1] When referencing page numbers for documents filed with the Court, the Court's citation refers to the page numbers assigned by its CM/ECF system.

1

committing "rampant and wholesale copyright infringement" by downloading and distributing copies of Plaintiff's copyrighted motion pictures without authorization using the BitTorrent file distribution network. *Id.* at 2, 4–7.

On January 16, 2025, Plaintiff filed the instant Motion. Dkt. No. 4. Plaintiff seeks an order from the Court allowing it to serve a subpoena pursuant to Federal Rule of Civil Procedure 45 on Internet Service Provider ("ISP") AT&T Inc. seeking Defendant's "true name and address" so Plaintiff can serve a summons upon Defendant and litigate this case. Dkt. No. 4-1 at 7–8.

## II. LEGAL STANDARDS

Courts may grant a request for early or expedited discovery upon a showing of good cause. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) (applying "the conventional standard of good cause in evaluating Plaintiff's request for expedited discovery"). To determine whether "good cause" exists to permit expedited discovery to identify Doe defendants, courts consider whether a plaintiff (1) "identif[ies] the missing party with sufficient specificity such that the Court can determine that the defendant is a real person or entity who could be sued in federal court"; (2) "identif[ies] all previous steps taken to locate the elusive defendant" to ensure plaintiff has made a good faith effort to identify the defendant; (3) "establish[es] to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss"; and (4) proves "there is a reasonable likelihood that the discovery process will lead to identifying informant about defendant that would make service of process possible." *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999) (citations omitted).

## III. DISCUSSION

Plaintiff has shown in declarations attached to its Motion that Defendant is real and can be sued and has—through the identification of the unique IP address, the date and time of the alleged connection, and the name of the ISP—identified Defendant with the requisite specificity to justify an early subpoena. *See* Dkt. No. 4-2 at 19–22, 29, 32; *see*

*also Malibu Media, LLC v. Doe*, No. 16-cv-444-GPC-BGS, 2016 WL 1618227, at *3 (S.D. Cal. Apr. 22, 2016) ("Based on . . . (1) the specific subscriber IP address at issue, (2) the dates and times of connection, and (3) the name of internet service provider for the IP address located, the Court finds the subscriber/doe defendant has been identified with sufficient specificity.").

Plaintiff also established it cannot identify the Defendant without the requested information from the ISP. *See* Dkt. No. 4-1 at 14; *see also Malibu Media, LLC*, 2016 WL 1618227, at *3 (relying on a plaintiff's efforts to locate an IP address and declaration stating "the only entity able to correlate an IP address to a specific individual at a given date and time is the Internet Service Provider" to establish "a good faith effort to identify the subscriber/doe defendant").

Moreover, Plaintiff's complaint alleges Plaintiff owns the copyrights at issue and specifically lists the registration numbers of the allegedly infringed works. *See* Dkt. No. 1-2. Although the Court is not conclusively deciding the matter, it appears the complaint could withstand a motion to dismiss. *See Malibu Media, LLC*, 2016 WL 1618227, at *4 ("Plaintiff's complaint lists the copyrighted movie titles which it owns and has registered, with a listing of the copyright registration numbers of the allegedly infringed works at issue. . . . The plaintiff has also demonstrated . . . that an ISP maintains the subscriber records that contain the name and address information they seek. Accordingly, Plaintiff has made a *prima facie* showing of copyright ownership and a violation of the copyright that could survive a motion to dismiss.") (citations omitted).

Finally, Plaintiff has shown the requested discovery will lead to identifying information, as it has identified a unique IP address that an ISP can, at least potentially, tie to a specific individual. Dkt. No. 4-1 at 17; Dkt. No. 4-2 at 29, 32. Accordingly, Plaintiff has established good cause and may serve a subpoena upon the ISP AT&T Inc.

## IV.   CONCLUSION

For the reasons set forth above, and for good cause shown, the Court **GRANTS** Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f)

Conference. Dkt. No. 4. However, the Court is cognizant of the potential embarrassment of being identified in this type of case and "shares the growing concern about unscrupulous tactics used by certain plaintiffs, especially in the adult film industry, to shake down the owners of IP addresses." *Malibu Media, LLC v. Does 1-5*, No. 12-Civ-2950-JPO, 2012 WL 2001968, at *1 (S.D.N.Y. June 1, 2012). Anticipating and sharing these concerns, Plaintiff invites the Court to issue a protective order establishing procedural safeguards if the Court finds such procedures appropriate, which the Court does below. Dkt. No. 4-1 at 18.

Accordingly, the Court **ORDERS** as follows:

1. Plaintiff must attach a copy of this Order to any subpoena.

2. Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with **only** the true name and address of the Defendant to whom the ISP assigned an IP address as set forth in Exhibit A to the complaint. The ISP must **not** release the Defendant's telephone number or email address.

3. Within fourteen (14) calendar days after service of the subpoena, the ISP must notify the subscriber that his or her identity has been subpoenaed by Plaintiff. The ISP must also provide a copy of this Order along with the required notice to the subscriber whose identity is sought pursuant to this Order.

4. The subscriber whose identity has been subpoenaed must have thirty (30) calendar days from the date of such notice to challenge the disclosure of his or her name and contact information by filing an appropriate pleading with this Court contesting the subpoena. A subscriber who moves to quash or modify the subpoena may proceed anonymously as "John Doe," and must remain anonymous until the Court orders that the identifying information may be released.

5. If the ISP wishes to move to quash the subpoena, it must do so before the subpoena's return date, which must be at least forty-five (45) days from service. If a motion to quash or other challenge is brought, the ISP must preserve the information sought by Plaintiff in the subpoena pending resolution of such motion or challenge.

      6. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its complaint. If Defendant wishes to proceed anonymously, Plaintiff may not release any identifying information without a court order allowing the release of the information.

      **IT IS SO ORDERED**.

Dated: February 24, 2025

                                                                                     _____
Honorable Daniel E. Butcher
United States Magistrate Judge